UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PERI SIMILIEN,<br><br>    Plaintiff,<br><br>    v.<br><br>THE WALK AT LEGACY<br>CONDOMINIUM ASSOCIATION,<br>INC., et al.,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:23-CV-0273-JPB |

## **ORDER**

This matter is before the Court on multiple motions to dismiss [Docs. 39, 42, 43, 45, 47, 48 and 49]. This Court finds as follows:

## **BACKGROUND**

Peri Similien ("Plaintiff") filed this action on January 19, 2023. [Doc. 1]. After many of the defendants moved to dismiss, Plaintiff filed an Amended Complaint on March 10, 2023.[1] [Doc. 37]. The Amended Complaint is convoluted and nonsensical. Indeed, it appears that Plaintiff is trying to assert multiple claims based on some kind of sovereign citizen theory. Sovereign citizen

---

[1] Without obtaining permission of the Court, Plaintiff filed another amended complaint on April 3, 2023. [Doc. 52]. Because the complaint was filed without leave of court, that complaint is **STRICKEN**. Accordingly, the motions to strike [Docs. 54 and 56] are **GRANTED**.

theories have been consistently rejected by the federal courts as being an "utterly frivolous" attempt to avoid statutes, rules and regulations that apply to all litigants. See Mells v. Loncon, No. CV418-296, 2019 WL 1339618, at *2 (S.D. Ga. Feb. 27, 2019).

Plaintiff's Amended Complaint copies and reproduces various legal texts and authorities. These authorities reference things like the Civil Rights Act, the Emergency War Powers Act, the Federal Debt Collection Procedure, the Administrative Procedure Act and the Foreign Agents Registration Act. Crimes like treason and seditious conspiracy are also referenced. Importantly, the Amended Complaint contains no factual allegations, and the Amended Complaint does not identify the subject matter of the claim or the claims that are asserted. Ultimately, Plaintiff seeks to recover $142,003,500.

On February 16, 2023, Plaintiff filed a proof of service form pertaining to each defendant. [Docs. 8 – 20]. To complete a proof of service form, the process server, under penalty of perjury, must check one of five different boxes[2] indicating how service was made. Id. For every single defendant, the process server checked

---

[2] The process server can indicate that he: (1) personally served the defendant at a particular address; (2) left the summons at the individual's residence with a person of suitable age and discretion who resides there; (3) served the summons on an individual designated by law to accept service of process; (4) returned the summons unexecuted; or (5) other (specify).

the box that he personally served the summons on the individual defendant at a specific address.  Id.  While the process server checked the box that he personally served each of the defendants, a Certificate of Service was attached to the proof of service wherein the process server clarified that on behalf of Plaintiff, he "personally deposited the following documents (listed below) inside the envelope, sealed them and transmitted them via the United States Postal Office, by registered or certified mail as below."  Id. at 3.  In addition to the Certificate of Service, the process server attached the United States Postal Service Tracking Number and the return receipt.  Id. at 4-5.

Multiple motions to dismiss are currently before the Court.  [Docs. 39, 42, 43, 45, 47, 48 and 49].[3]  The motions assert several reasons for dismissal, including dismissal for insufficient service of process.  Essentially, the defendants assert that they were never personally served and that they did not agree to service by mail.

## DISCUSSION

Service of process is a jurisdictional requirement, and the Court has no power over a person without proper service of process.  Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990).  When service of process is challenged

---

[3] Every defendant has moved to dismiss except Alana Black.

under Federal Rule of Civil Procedure 12(b)(5), the plaintiff bears the burden of establishing its validity.  Reeves v. Wilbanks, 542 F. App'x 721, 746 (11th Cir. 2013).  "In determining whether this burden has been met, the Court applies the standards of proof governing motions to dismiss for lack of personal jurisdiction." Lowdon PTY Ltd. v. Westminster Ceramics, LLC, 534 F. Supp. 2d 1354, 1360 (N.D. Ga. 2008).  This means that the defendant "first bears the burden of producing affidavits that, in non-conclusory fashion, demonstrate the absence of jurisdiction."  Id.  If the defendant satisfies this burden, the burden shifts, and plaintiff must then present "enough evidence to withstand a motion for directed verdict."  Id. (quoting Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002)).  Where a plaintiff presents countering evidence, the court must construe all reasonable inferences in favor of the plaintiff.  Id.

Under the Federal Rules of Civil Procedure, service of process may be perfected in a number of ways, including by:  (1) "delivering a copy of the summons and of the complaint to the individual personally;" (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e).  Like its federal counterpart, Georgia permits service of process in the

following ways: "by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion" residing therein or "by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process." O.C.G.A. § 9-11-4(e)(7). Neither statute authorizes service by certified mail. Griffin v. United Parcel Servs., No. 1:08-CV-3387, 2009 WL 10700377, at *2 (N.D. Ga. Apr. 10, 2009) ("Rule 4 does not authorize service by mail, and nor does Georgia law.")

It is well settled that a plaintiff is responsible for serving the defendant with a summons and the complaint within the time allowed under Federal Rule of Civil Procedure 4(m). Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1280-81 (11th Cir. 2007). Federal Rule of Civil Procedure 4(m), which governs the time limit for service, provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

After reviewing the record in this case, the Court finds that the defendants have satisfied their initial burden to contest service. Indeed, the proof of service forms show that the process server attempted to serve each of the defendants through the United States Postal Service. As stated previously, neither the federal

5

rules nor the Georgia rules permit service to be perfected via mail in these circumstances.[4]

Because the defendants have satisfied their burden to show lack of jurisdiction, Plaintiff must now present enough evidence to withstand a motion for directed verdict. Plaintiff has not done so here. In fact, despite filing this case in January 2023, Plaintiff has not come forward with any evidence which would show that he personally served any of the defendants. Ultimately, this Court finds that Plaintiff has failed to effect valid service on any of the defendants within ninety days as required by the rules. Accordingly, dismissal of the action is proper.

## CONCLUSION

For the reasons stated above, the motions to dismiss [Docs. 39, 42, 43, 45, 47, 48 and 49] are **GRANTED**, and all claims are **DISMISSED WITHOUT PREJUDICE**.[5] Because the Court has determined that this action must be

---

[4] Sometimes service by mail is permissible. Service by mail is permissible if the summons and complaint are served with two copies of a notice and acknowledgment of service form. The acknowledgment of service form must be returned to the plaintiff. In the event the defendant does not return the acknowledgment of service form, the plaintiff is obligated to serve the summons and complaint via an alternate method authorized under the rules. Fed. R. Civ. P. 4(c)(2)(C)(ii). In this case, there is no evidence that any of the defendants received an acknowledgment of service form or returned the form. Accordingly, Plaintiff should have perfected service via an alternate method.

[5] Although Alana Black has not been served and has not moved for dismissal, dismissal is nevertheless appropriate because Defendant Black is similarly situated to the moving defendants. Like the other defendants, Defendant Black has not been served.

6

dismissed for failure to effectuate service of process, the Court does not reach the merits of whether dismissal is required for failure to state a claim. All other pending motions [Docs. 59, 62, 72 and 85] are **DENIED** as moot. The Clerk is **DIRECTED** to close this case.

    **SO ORDERED** this 21st day of November, 2023.

_____
J. P. BOULEE
United States District Judge

---

Importantly, Plaintiff has already had an opportunity to respond to any jurisdictional arguments. Courboin v. Scott, 596 F. App'x 729, 735 (11th Cir. 2014) (holding that dismissal of non-moving defendant was not unfair because the opposing party had an opportunity to respond to the jurisdictional issues raised by the moving defendants). Moreover, dismissal is appropriate because the Amended Complaint, which sets forth sovereign citizen theories, is "patently frivolous." See Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (holding that a *sua sponte* dismissal without notice is permissible where complaint is patently frivolous).

7